UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHI NGUYEN,<br><br>                    Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security, et al.,<br><br>                    Respondents. | Case No.: 3:25-cv-03077-RBM-BJW<br><br>**ORDER GRANTING HABEAS PETITION**<br><br>[Doc. 1] |

Pending before the Court are Petitioner Chi Nguyen's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 (Doc. 1) and Motion and Memorandum of Law in Support of Temporary Restraining Order ("TRO Motion") (Doc. 1-4.) Petitioner claims his detention by United States Immigration and Customs Enforcement ("ICE") violates the regulations set forth in 8 C.F.R. § 241.4(l) and § 241.13(i), the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001), and the Fifth Amendment. (Doc. 1 at 3, 10–20.)[1]

In their Response, Respondents argue that: (1) Petitioner's claims are jurisdictionally barred under 8 U.S.C. § 1252(g); (2) Petitioner's ongoing detention falls within the six-month presumptively reasonable detention period under *Zadvydas*; and (3) even if ICE

---

[1] The Court cites the CM/ECF pagination unless otherwise noted.

1

3:25-cv-03077-RBM-BJW

1  failed to comply with the regulatory requirements, Petitioner cannot show prejudice from
2  such violations. (Doc. 6 at 4–17.)

3  The Court recently granted several habeas petitions filed by similarly situated
4  petitioners. *In Phan* and *Thai*, the Court determined that ICE failed to follow its own
5  regulations in revoking the petitioners' release thereby rendering their detentions unlawful
6  because: (1) the petitioners did not receive adequate notice of the reasons for their
7  revocation of release; (2) ICE failed to conduct the required interview when it had over a
8  month to do so; and (3) the Government failed to establish any "changed circumstances"
9  showing a significant likelihood of removal for refugees of Vietnam who entered the
10 United States before 1995 "[b]ecause Vietnam refused to accept for repatriation [such]
11 Vietnamese nationals [and] ICE tried and failed to secure travel documents for [their]
12 deportation to Vietnam." *Phan v. Noem*, Case No. 3:25-cv-02422-RBM-MSB, 2025 WL
13 2898977, at *4–5 (S.D. Cal. Oct. 10, 2025); *Thai v. Noem*, Case No.: 3:25-cv-02436-RBM-
14 MMP (S.D. Cal. Oct. 17, 2025), ECF No. 10 at 6–9.[2]

15 While Respondents claim ICE has removed 324 pre-1995 Vietnam refugees in the
16 past fiscal year, this alone does not make *Petitioner's* removal reasonably foreseeable. *See*
17 *Thai*, Case No.: 3:25-cv-02436-RBM-MMP, ECF No. 10 at 8–9; *accord Phan v. Beccerra*,
18 No. 2:25-CV-01757-DC-JDP, 2025 WL 1993735, at *4 (E.D. Cal. July 16, 2025) (rejecting
19 contention that removal is reasonably foreseeable "because removals to Vietnam are in fact
20 occurring" where "[p]re-1995 Vietnamese immigrants may be repatriated to Vietnam on
21 'a case-by-case basis'" and Vietnam has "discretion whether to issue a travel document to
22 any individual.") (quoting *Hoi Thanh Duong v. Tate*, No. 24-cv-04119-H, 2025 WL
23 933947, at *4 (S.D. Tex. Mar. 27, 2025)); *Vu v. Noem*, No. 1:25-cv-01366-KES-SKO
24 (HC), 2025 WL 3114341, at *6 (E.D. Cal. Nov. 6, 2025) ("[T]he 2020 MOU does not
25 mandate that Vietnam accept all eligible pre-1995 Vietnamese refugees with orders of

---

[2] The Court adopted its tentative ruling on October 23, 2025. *See id.*, ECF No. 12.

removal; it . . . does not give rise to any rights or obligations under domestic or international law; it does not create or confer any rights, privileges, or benefits on any individual.") (quoting *Nguyen v. Hyde*, 788 F. Supp. 3d 144, 151 (D. Mass. 2025)) (cleaned up).

Additionally, the Court has rejected similar arguments concerning prejudice and found that "ICE deprived [a petitioner] of his due process rights and prejudiced his interests by failing to afford him the procedural safeguards the regulations were designed to protect." *Ghafouri v. Noem*, No. 3:25-CV-02675-RBM-BLM, 2025 WL 3085726, at *6 (S.D. Cal. Nov. 4, 2025); *see Rasakhamdee v. Noem*, Case No.: 3:25-cv-02816-RBM-DEB, 2025 WL 3102037, at *5 (S.D. Cal. Nov. 6, 2025) (finding a similarly situated petitioner was "prejudiced by ICE's failure to comply with its own regulations" where he was deprived of "due process protections when [ICE] failed to provide him with sufficient notice or a prompt interview to respond to the reasons for revocation of his release."). Respondents' argument that Petitioner was not prejudiced by ICE's regulatory violations is therefore unavailing.

The Court has also consistently rejected Respondents' argument that similarly situated petitioners' claims are jurisdictionally barred under 8 U.S.C. § 1252(g). *See Phan*, 2025 WL 2898977, at *2; *Ghafouri*, 2025 WL 3085726, at *3; *Rasakhamdee*, 2025 WL 3102037, at *2.

For those same reasons, the Court finds Petitioner's detention is unlawful and the Petition is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to his preexisting Order of Supervision.
2. The TRO Motion (Doc. 1-4) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

DATE: November 21, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE